AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

ZION EZRAH ZICKAFOOSE ®

*Plaintiff(s)*

v.

HONDA FINANCIAL SERVICES

*Defendant(s)*

Civil Action No. 8:24cv 2606 wfj-cpt

NOV 8 2024 AM10:54
FILED - USDC - FLMD - TPA

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, person ZION EZRAH ZICKAFOOSE ®, presented by man Zion Ezrah Zickafoose, and files this Complaint against Defendant HONDA FINANCIAL SERVICES and alleges upon information and belief, the following: **(Please note that the spelling of each name is important and will always be as above throughout this complaint for clarity in the court).**

### I. INTRODUCTION

1. Zion Ezrah Zickafoose would like to mention that he has studied for quite an extensive number of hours in attempt to be very kind, just, and as knowledgeable as a man can be. Zion Ezrah Zickafoose is not a belligerent and arrives with his hat in his hand in an effort to learn, grow, and achieve the best possible results for everyone involved in this suit. Zion Ezrah Zickafoose wants to seek nothing more than justice, to the full extent of the law, not revenge. His actions are not induced with rage or anger to any party or individual, but instead with patience and understanding. Zion Ezrah Zickafoose recognizes and has good experience with the typical "pro se litigant" and he understands the frustrations and exhaustions of the court in past cases. Zion Ezrah Zickafoose asks, with full transparency, to kindly not label him in the same category as what has been seen before by the court.
2. Zion Ezrah Zickafoose is very excited about the procedure of law and has a great veneration towards the work of the court as well as the outstanding effort of everyone who has contributed to our incredible system.

## II. JURISDICTION AND VENUE

3. This court has jurisdiction over this action and all courts under 28 U.S.C § 1331.
4. Venue in this district is proper under 28 U.S.C. § 1391 because the events giving rise to this claim originated in this district.
5. Joinder in this district is proper to the Defendant under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendant arise out of the same occurrence and series of occurrences, and (2) there is a question of law or facts common to all Defendants.
6. Throughout the power of naturalization, found in 8 U.S.C 1101 (a)(23), Zion Ezrah Zickafoose confers the nationality of the State called "STATE OF FLORIDA" on ZION EZRAH ZICKAFOOSE ®, after birth, by any means whatsoever. This satisfies the jurisdictional requirements of the court.

## III. PARTIES

7. Plaintiff is a resident of Hillsborough County, Florida, which is located in this district.
8. Defendant HONDA FINANCIAL SERVICES is a Georgia Foreign For-Profit Corporation with its principal place of business located at 1220 Old Alpharetta Rd, Alpharetta, GA 30005 and conducts business in the State of Florida. The loan agency for HONDA FINANCIAL SERVICES is located in Forsyth County, Georgia. HONDA FINANCIAL SERVICES may be served with process upon ABC Legal Services, its registered agent for service of process at 2203 N Lois Ave G450, Tampa, FL 33607.

## IV. GENERAL FACTS & FACTUAL ALLEGATIONS

9. *Ens Legis* name "ZION ZICKAFOOSE", "ZION EZRAH ZICKAFOOSE", and "ZION EZRAH ZICKAFOOSE ®" are all referring to the same person.
10. ZION EZRAH ZICKAFOOSE ® trademark is held by man, Zion Ezrah Zickafoose.
11. Zion Ezrah Zickafoose is the representative for ZION EZRAH ZICKAFOOSE ®.
12. Zion Ezrah Zickafoose is a representative of Eric Richard Zickafoose.
13. Eric Richard Zickafoose is his cosigner.
14. Through P.O.A. (Power of Attorney), Eric Richard Zickafoose has given explicit permission and consent to be represented in this case by Zion Ezrah Zickafoose.
15. Eric Richard Zickafoose does not wish to be contacted, and for his representation by Zion Ezrah Zickafoose.
16. "Eric Richard Zickafoose" and "cosigner" are referring to the same person.
17. Zion Ezrah Zickafoose gave permission to HONDA FINANCIAL SERVICES and Brandon Honda to access and use the credit of ZION EZRAH ZICKAFOOSE ®.
18. For clarity, the instrument/negotiable instrument being referred to in this section refers to the loan contract negotiated and indorsed on September 18, 2024.
19. Proper performance was made on negotiable instrument on September 18, 2024 via special indorsement.
20. A negotiable instrument is defined as, "an unconditional promise or order to pay a fixed amount of money" (UCC 3-104).
21. A loan contract is an unconditional promise to pay.

22. A loan contract is a negotiable instrument.
23. The loan contract was specially indorsed.
24. A special indorsement is defined as, "If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person" (UCC 3-205a).
25. Negotiation ends at a special indorsement.
26. A negotiable instrument can only be negotiated by the indorser/special indorsement of the holder.
27. A blank indorsement is an incomplete signing of an instrument, and does not state a payee or whom to make the funds of said instrument payable to.
28. A blank indorsement has no instruction with it.
29. A blank indorsement leaves the securities or the funds of an instrument unclaimed and in the air.
30. A special indorsement simply claims the manufactured currency/security and attaches an instruction.
31. A blank indorsement is defined as, "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed".
32. A blank indorsement is an incomplete indorsement as for its definition.
33. A blank indorsement was not performed.
34. Zion Ezrah Zickafoose and his cosigner were the final holders of the negotiable instrument.
35. The instrument can only be negotiated by Zion Ezrah Zickafoose and his cosigner.
36. Zion Ezrah Zickafoose and his cosigner were prompted to perform when they became the holders of the instrument.
37. According to Black's Law 4th Edition Dictionary, *Performance* is defined as, "execution or completion of a duty, obligation, or contract according to its stipulated terms".
38. Proper performance is done primarily through clear orders and special indorsements.
39. Improper performance is done via lack of orders and blank indorsements.
40. Proper performance balances the accounting and the contract.
41. Improper performance unbalances the accounting and the contract.
42. There is one original promissory note in this matter.
43. "Promissory note" and "note" mean the same thing.
44. There was later sent a bill of exchange.
45. A bill of exchange is an unconditional order to pay.
46. A bill of exchange is a negotiable instrument.
47. "Bill of exchange" and "bill" mean the same thing.
48. Zion Ezrah Zickafoose's cosigner received a bill for the obligation of the negotiable instrument.
49. Bills of exchange are collateral securities according to 12 U.S.C. § 412.
50. Zion Ezrah Zickafoose's cosigner rightfully has no obligation or liability on the instrument according to UCC 3-402(b)(1) by representation.

51. HONDA FINANCIAL SERVICES attempted to renegotiate despite negotiation already being ended by sending Zion Ezrah Zickafoose and his cosigner an unconditional order to pay.
52. No Notice of Dishonor for the loan contract was given orally or in writing.
53. No resigning was asked of Zion Ezrah Zickafoose or his cosigner.
54. The liability of the indorser on the instrument is discharged according to UCC 3-415(c).
55. The funds on the instrument were claimed and made payable to one person, ZION EZRAH ZICKAFOOSE ®, via special indorsement.
56. Zion Ezrah Zickafoose and his cosigner were the delegated holders of the instrument, prompted to indorse, therefore there is no false representation.
57. ZION EZRAH ZICKAFOOSE ® gave Zion Ezrah Zickafoose explicit consent to be represented on the instrument.
58. ZION EZRAH ZICKAFOOSE ® was clearly stated as the one and only payee.
59. ZION EZRAH ZICKAFOOSE ® never received the funds.
60. The negotiable instrument was processed and exchanged for Federal Reserve Notes.
61. A Federal Reserve Note is a promissory note.
62. Federal Reserve Notes are negotiable instruments.
63. All promissory notes are collateral securities according to 12 U.S.C. § 412.
64. ZION EZRAH ZICKAFOOSE ® never received the notes.
65. A phone call to the Brandon Honda dealership was made by Zion Ezrah Zickafoose on October 11, 2024, at 12:32 P.M.
66. Zion Ezrah Zickafoose asked the finance manager if they "have been paid the loan from the bank yet".
67. The finance manager replied, "yes, we have been paid".
68. Zion Ezrah Zickafoose has the call log but not a recording of the call.
69. The loan amount is approximately $67,000.
70. Brandon Honda has received those funds fraudulently.
71. Brandon Honda was not stated as the payee on the instrument.
72. Brandon Honda was never the final holder nor the indorser on the instrument.
73. Zion Ezrah Zickafoose and his cosigner received a "*Denied Financing*" letter on October 16 from Brandon Honda.
74. The date states on the letter that it was written on October 8, 2024.
75. A copy of that letter has been included with this claim.
76. That letter states that Brandon Honda never submitted our application to finance sources.
77. That letter states that the ZION EZRAH ZICKAFOOSE ® application was never purchased by any finance sources.
78. Zion Ezrah Zickafoose and his cosigner received a bill/unconditional order to pay after Zion Ezrah Zickafoose received that denial letter.
79. Receiving an unconditional order to pay after being denied financing, and after the receiving party has no liability on the instrument, is considered fraud and an act of peonage.
80. Peonage is involuntary servitude to financially benefit from someone's labor, according to the Black's Law 4th Edition Dictionary definition of *Peonage*.
81. All bills of exchange sent to ZION EZRAH ZICKAFOOSE ® are under the purview of 18 U.S.C. § 8.

82. All promissory notes produced by ZION EZRAH ZICKAFOOSE ® are under the purview of 18 U.S.C. § 8.
83. ZION EZRAH ZICKAFOOSE ® is able to legally create currency because it is a Federal Reserve member bank.
84. The Federal Reserve bank is a custodian to pay on behalf of obligations or other securities of the United States (18 U.S.C. § 8).
85. 18 U.S.C. § 8 states, "The term '*obligation or other security of the United States*' includes all bonds, certificates of indebtedness, national bank currency, Federal Reserve notes, Federal Reserve bank notes, coupons, United States notes, Treasury notes, gold certificates, silver certificates, fractional notes, certificates of deposit, bills, checks, or drafts for money, drawn by or upon authorized officers of the United States, stamps and other representatives of value, of whatever denomination, issued under any Act of Congress, and canceled United States stamps".
86. A parcel/declaration was mailed to HONDA FINANCIAL SERVICES on November 7, 2024, effectively eliminating any previous arbitration clauses or agreements signed/indorsed under fraud and incomplete understanding.
87. Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® refuses to enter into and denies any motion into arbitration, by any and all means whatsoever.
88. There is no longer a debt to be legally owed to anyone. That was done so at the indorsing and final negotiation of the instrument by the holders.
89. The bill of exchange that was sent to ZION EZRAH ZICKAFOOSE ® and the cosigner was mailed back to the sender with a short letter explaining its mistake.
90. HONDA FINANCIAL SERVICES have not replied to one letter sent by Zion Ezrah Zickafoose, nor have they satisfied the relief sought by Zion Ezrah Zickafoose.
91. HONDA FINANCIAL SERVICES has not reached out to Zion Ezrah Zickafoose via email.
92. HONDA FINANCIAL SERVICES have called Eric Richard Zickafoose more than once, but have not left any voicemails.
93. In Zion Ezrah Zickafoose's intent to sue letter, it explicitly states to reach out to him via email to discuss anything.
94. Zion Ezrah Zickafoose has not received an email from HONDA FINANCIAL SERVICES.
95. Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® has still yet to receive his vehicle title or Letter of Lien Release.
96. Relief and patience for relief has been sought time and time again.
97. Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® declares that if his property, with a Right of Replevin over his vehicle title, is returned to him, he seeks no further reason to sue and will seek no further monetary damages.
98. If request for obedience to the law is still unfulfilled, Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® will continue the suit and seek the maximum monetary damages and penalties with the full extent of the law, backed by and proven by each and every claim.
99. Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® has kindly sought relief over and over, and has expressed diligence, patience, and nobility in his actions.
100. Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® is officially giving one last opportunity to seek relief.

101. Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® will not hesitate to seek monetary relief to the full extent of the law.
102. Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® demands a minimum amount of $330,000 (330000 Federal Reserve Notes) in damages for the laws broken and multiple counts of fraud committed by HONDA FINANCIAL SERVICES against him and whom he is representing.
103. Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® will accept nothing short of that.
104. Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® states diligently to motion this case as quickly into Discovery as possible, so nobody's valuable time is wasted.
105. Zion Ezrah Zickafoose on behalf of ZION EZRAH ZICKAFOOSE ® has every piece of evidence he needs to back up each and every one of his allegations, and will not tolerate potential perjury committed by the Defendant or the Defendant's attorneys.
106. Zion Ezrah Zickafoose has a right to P.O.A. (Power of Attorney) on behalf of ZION EZRAH ZICKAFOOSE ® in representation by any and all means whatsoever.

## V.   **COUNT ONE - FRAUD**

107. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.
108. This count is referring to the violation of UCC 3-205(a).
109. Honda Financial is not the holder nor the indorser of the negotiable instrument.
110. Negotiation ends at a special indorsement, and can only be negotiated by the indorsement of that person.
111. *Honda Financial's attempt to negotiate after special indorsement was made is a violation of this code.*
112. Zion Ezrah Zickafoose seeks no less than $50,000 in monetary damages for this violation against him.

## VI.   **COUNT TWO - FRAUD**

113. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.
114. This count is referring to the violation of UCC 3-205(c).
115. After the instrument was processed, the stated payee on the instrument never received the funds manufactured from the instrument.
116. Honda Financial is not the holder nor the indorser of the negotiable instrument.
117. Negotiation ends at a special indorsement, and can only be negotiated by the indorsement of that person.
118. *Honda Financial's unfulfillment of the instruction in the indorsement is in violation of this code.*
119. Zion Ezrah Zickafoose seeks no less than $50,000 in monetary damages for this violation against him.

## VII.   COUNT THREE - PEONAGE/FINANCIAL EXPLOITATION

120. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.
121. This count is referring to the committed act of peonage.
122. Peonage is defined as, "a form of involuntary servitude, where a person is compelled to work to pay off a debt or obligation".
123. Sending someone a bill to a debt that has already been fulfilled is an act of peonage, because it implies the need to work double what you already do in order to fulfill a fraudulent idea of a debt/a debt that does no longer exist/a debt that has already been satisfied.
124. *Honda Financial's act of financial exploitation against Zion Ezrah Zickafoose is an act of Peonage.*
125. Zion Ezrah Zickafoose seeks no less than $50,000 in monetary damages for this violation against him.

## VIII.   COUNT FOUR - FAILURE TO PROPERLY NOTIFY INDORSER

126. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.
127. This count is referring to the violation of UCC 3-415(c).
128. Zion Ezrah Zickafoose and his cosigner have no liability to the instrument because of this code.
129. HONDA FINANCIAL SERVICES never gave a written or oral Notice of Dishonor for the instrument.
130. This confirms that the instrument was indorsed correctly.
131. The only reason for sending a bill of exchange legally would be if Zion Ezrah Zickafoose or his cosigner were liable on the instrument.
132. Since no Notice of Dishonor was given, and the bill was sent anyway, that action is in violation of this code.
133. *Honda Financial's inability to provide a notice of dishonor and still expect payment is in violation of this code.*
134. Zion Ezrah Zickafoose seeks no less than $50,000 in monetary damages for this violation against him.

## IX.   COUNT FIVE - PEONAGE/FINANCIAL EXPLOITATION

135. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.
136. This count is referring to the committed act of peonage and violation of UCC 3-402(a).

137. Peonage is defined as, "a form of involuntary servitude, where a person is compelled to work to pay off a debt or obligation".
138. Sending the cosigner a bill to a debt that he is not liable for is an act of peonage, because it implies the need to work double what he already does in order to fulfill a fraudulent idea of a debt/a debt that does no longer exist/a debt that has already been satisfied.
139. Zion Ezrah Zickafoose's cosigner is not liable to pay the instrument under UCC 3-402(a).
140. Zion Ezrah Zickafoose's cosigner was simply indorsing on behalf of ZION EZRAH ZICKAFOOSE ®.
141. Zion Ezrah Zickafoose's cosigner made the funds on the instrument payable to ZION EZRAH ZICKAFOOSE ®.
142. *Honda Financial's act of financial exploitation against Zion Ezrah Zickafoose's cosigner is an act of Peonage.*
143. Zion Ezrah Zickafoose seeks no less than $50,000 in monetary damages for this violation against his cosigner.

## X.     COUNT SIX - REPLEVIN OVER UNLAWFULLY KEPT PROPERTY

144. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.
145. This count is referring to the violation of UCC 2-716(3).
146. A buyer is defined as "a person who buys or contracts to buy goods" according to UCC 2-103. He has a Right of Replevin for the goods identified in the contract (vehicle title) after attempt to cover/recover goods/property has been made.
147. Attempts by Zion Ezrah Zickafoose to cover/recover goods/property have been made multiple times.
148. Zion Ezrah Zickafoose and his cosigner have both indorsed the Transfer of Title document provided by Brandon Honda.
149. Zion Ezrah Zickafoose still has yet to receive said title.
150. *Honda Financial's excessive holding and failing to deliver vehicle title to the indorser/buyer after debt has been satisfied is in violation of this code.*
151. Zion Ezrah Zickafoose seeks no less than $50,000 in monetary damages for this violation against him.

## XI.     DEMANDS FOR RELIEF

152. Complete discharge of the loan that already cannot legally exist.
153. $330,000 (three hundred and thirty thousand dollars) in damages. Payable in Federal Reserve Notes. ($30,000 was added for mental anguish, lost sleep, and the massive amounts of valuable time wasted on this entire matter).
154. Right of Replevin exercised over vehicle title, with vehicle title returned to Zion Ezrah Zickafoose.
155. ***IMPORTANT*** Zion Ezrah Zickafoose sees it unnecessary to run down a long and bloody road for these committed acts against him.

156. ***IMPORTANT*** Zion Ezrah Zickafoose is just and patient, and wishes to send no man or woman to prison.
157. ***IMPORTANT*** Zion Ezrah Zickafoose repeats, after being stated earlier in this claim, that so long as his Right of Replevin over his property is exercised, he will not continue the suit for the extensive amounts of monetary damages.
158. ***IMPORTANT*** Zion Ezrah Zickafoose gives ONE FINAL OPPORTUNITY for HONDA FINANCIAL SERVICES to do the right thing and obey the law accordingly.
159. ***IMPORTANT*** Zion Ezrah Zickafoose believes in justice, while also sending a forward message to those who violate the law over exploiting someone for financial gain.
160. ***IMPORTANT*** Zion Ezrah Zickafoose will effectively terminate the entire case when the vehicle title OR Letter of Lien Release is received at his mailing address and when sufficient notice of the discharge of the fraudulently 'kept alive' loan is given.
161. The demand for damages listed in Paragraph 153 can be avoided so long as everything in Paragraph 152 and 154 is fulfilled AND any court costs to be covered by the Defendant.

## SUMMARY

NOW, THEREFORE, in accordance with the pertinent legal provisions and in the interest of justice, the Plaintiff respectfully requests this Honorable court to issue an Order for the award of monetary damages against the Defendant, HONDA FINANCIAL SERVICES. The Plaintiff further seeks any additional and appropriate relief that this Court, in its wisdom, may consider just and equitable given the circumstances at hand.

All Rights Reserved WITHOUT PREJUDICE

Signature: _Zim Zickafoose sc, Pro Se_

Zion Ezrah Zickafoose, Pro Se

c/o 111 Ashbrook Drive
Brandon, Florida [33511]

From: Zion-Ezrah:Zickafoose for ZION EZRAH ZICKAFOOSE ®
℅ 111 Ashbrook Drive
Brandon, Florida [33511]
Email: zion.r3v@gmail.com
Phone #: 8134390282

11/7/2024

To: Honda Financial Services
1220 Old Alpharetta Rd
Alpharetta, GA 30005
(P.O. Box 1027 Alpharetta, GA, 30009)

*For Clerk:*
*This was sent out on the day stated in the letter, long before any summons would have been received.*

Subject: *NOTICE OF CANCELLATION OF INDORSED DOCUMENT*

Dear Honda Financial Services,

I am writing in regards to a document that I/my cosigner indorsed on September 18, 2024. With the finance contract for the vehicle, 2025 Honda CRV Hybrid, there was an arbitration agreement. That agreement was signed under a false understanding of the terms and contents of which it states. As for the upcoming lawsuit, I declare over that document that I and/or my cosigner's indorsement on that contract is NULL AND VOID. There was no monetary value on the instrument, and the terms were never actually understood. It was signed under a false understanding with little to no understanding of the terms to begin with, therefore there was no consideration (legal definition of Consideration is as follows; *Consideration is a promise, performance, or forbearance bargained by a promisor in exchange for their promise. Consideration is the main element of a contract. Without consideration by both parties, a contract cannot be enforceable*).

Arbitration, in regards to a suit, is a watered-down, insufficient and incomplete part of a case. No evidence is exchanged, no significant monetary damages are collected, and no real judge/jury is present. I HEREBY DECLARE, THAT I AND THE INDIVIDUAL(S) THAT I REPRESENT ON THIS CASE REFUSE AND DENY TO BE MOTIONED INTO ARBITRATION, BY ANY AND ALL MEANS WHATSOEVER. The document was originally signed under a huge misunderstanding, and if the terms were understandable from the beginning, the document would have never been signed.

(copy has been printed for the Clerk of Court)

Sincerely,

*[signature with thumbprint]*

Zion-Ezrah:Zickafoose, Agent & Attorney in Fact